Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JUNTA DE PLANIFICACIÓN DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>GILBERTO RODRÍGUEZ GUASH y otros<br><br>Peticionarios | KLCE202301389 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: MZ2022CV01627 (206)<br><br>Sobre: Injuction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de enero de 2024.

Comparece el señor Gilberto Rodríguez Guash ("señor Rodríguez Guash" o "Peticionario") mediante el recurso de *certiorari* presentado el 8 de diciembre de 2023. Nos solicita la revocación de una *Resolución* emitida y notificada el 25 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("foro primario" o "foro *a quo*"). Mediante el aludido dictamen, el foro primario declaró *No Ha Lugar* la *Moción Urgente de Relevo de Sentencia* presentada por el Peticionario.

Por los fundamentos que discutiremos a continuación, **denegamos** la expedición del auto de *certiorari*.

### I.

El 31 de octubre de 2022, la Junta de Planificación del Gobierno ("Junta") instó una *Demanda* contra el señor Rodríguez Guash.[1] En dicha reclamación, incluyó al señor Ramón Martínez

---

[1] *Apéndice del Peticionario*, pág. 2.

Torres ("señor Martínez Torres") como parte con interés y titular de la propiedad objeto de controversia.

En síntesis, la Junta alegó que el Peticionario operaba un refugio de animales en una propiedad localizada en el pueblo de Añasco. Señaló que el Peticionario no tenía los correspondientes permisos en contravención con la *Ley para la Reforma de Permisos de Puerto Rico*, Ley Núm. 161-2009, 23 LPRA sec. 9024, según enmendada ("Ley de Reforma de Permisos") y el *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios* del 2 de diciembre de 2020 ("Reglamento Conjunto").[2] Además, adujo que éste invadió la aludida propiedad ubicada en un distrito clasificado R-1, el cual era incompatible con las operaciones del albergue animal. Ante tales circunstancias, solicitó un *injunction* estatutario al amparo del Artículo 14.1 de la Ley de Reforma de Permisos, *supra*.

Posteriormente, el 22 de diciembre de 2022, la Junta presentó una *Moción Acreditando Publicación de Emplazamiento por Edicto*.[3] En ésta, consignó la notificación de la copia del emplazamiento y la demanda por medio de correo certificado remitido al Peticionario y al señor Martínez Torres.

Tras celebrar la vista de *injunction*, el 8 de febrero de 2023. Según surge de la *Minuta*, los codemandados no comparecieron a la vista y se les anotó la rebeldía. Luego de vertido el testimonio del testigo de la Junta, el foro primario declaró *Con Lugar* la petición del recurso extraordinario e impuso al Peticionario y al señor Martínez

---

[2] Cabe destacar, que la fecha de la presentación de la demanda, el 31 de octubre de 2022, las disposiciones del *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios* del 2 de diciembre de 2020, eran las aplicables para la evaluación de permisos, de conformidad con lo resuelto en el caso *Martínez Fernández y otros v. Oficina de Gerencia de Permisos y otros*, 211 DPR ___ (2023); 2023 TSPR 75 resuelto el 16 de junio de 2023.
[3] *Íd.,* pág. 7.

Torres el pago de $2,500.00 en concepto de honorarios de abogados.[4]

Posteriormente, el 13 de febrero de 2023, notificada el 23 del mismo mes y año, el foro primario dictó *Sentencia* en rebeldía.[5] En el aludido dictamen, dispuso lo siguiente:

> Los hechos no controvertidos demuestran que la parte demanda se encuentra confiriendo a la propiedad objeto de la presente demanda un uso ilegal del albergue de animales, para el cual no posee permiso y clasificación de la zona en que se encuentra la propiedad lo prohíbe. En adición a lo anterior, la parte demandada invadió la propiedad forma ilegal, puesto que no es titular de la misma.[6]

Consecuentemente, ordenó el cierre inmediato del albergue de animales. En adición, requirió al Peticionario desalojar la propiedad en controversia.

El 23 de mayo de 2023, la Junta presentó una *Moción Acreditando Publicación de Sentencia por Edicto y Notificación,* la cual acompañó con una *Declaración Jurada* en la que se acreditó la publicación de la *Sentencia* mediante edicto.[7]

Eventualmente, el 1 de septiembre de 2023, la Sucesión del señor Martínez Torres ("Sucesión"), compuesta por la señora Nancy Isabel Torres Quiñones, la señora Perla María Torres Ríos y la señora Beda Raquel Quiñones, presentó un documento intitulado *Moción Asumiendo Representación y en Solicitud de Lanzamiento*.[8] Aseveró que el tribunal emitió una *Resolución* en el caso SG2019CV00793, en la cual declaró a éstas como únicas herederas del señor Martínez Torres.[9] Por consiguiente, la Sucesión arguyó que posee justo título de la propiedad aludida, y solicitó el desalojo del Peticionario de la propiedad.

---

[4] *Íd.,* pág. 9.
[5] *Íd.,* pág. 10.
[6] *Íd.,* pág. 14.
[7] *Apéndice del Peticionario*, pág. 15; *Apéndice de la Junta*, pág. 1.
[8] *Apéndice de la Sucesión,* pág. 20.
[9] *Íd.,* págs. 20-24.

Así las cosas, el 14 de septiembre de 2023, la Sucesión sometió una *Moción Urgente de Auxilio* ante el foro primario.[10] Mediante esta, reiteró la solicitud de desalojo de la propiedad por medio de la expedición de la orden y el mandamiento de lanzamiento.

Evaluada la petición de la Sucesión, el 22 de septiembre de 2023, el foro primario emitió *Resolución* en la que declaró *Ha Lugar* la referida solicitud.[11] A esos fines, el 27 de septiembre de 2023, emitió *Orden* para que la Secretaria del TPI decretase el libramiento del mandamiento.[12] Ese mismo día, el foro *a quo* expidió el correspondiente *Mandamiento*.[13]

Así las cosas, el 16 de octubre de 2023, el Peticionario presentó una *Moción Urgente de Relevo de Sentencia*.[14] En ésta, alegó falta de notificación de la demanda y de la sentencia en contravención al debido proceso de ley. A su vez, adujo que la causa de acción presentada es académica debido a que el albergue cerró en junio de 2022 y los animales fueron removidos. Por otro lado, arguyó que la Junta indujo a error al foro primario, puesto que no posee autoridad para solicitar su desalojo de la propiedad. También, señaló que la Sucesión intervino en la reclamación de *injunction* estatutario a los fines de solicitar un desahucio, sin enmendar la demanda. Por lo anterior, sostuvo que el dictamen fue emitido sin jurisdicción, y consecuentemente, solicitó el relevo de sentencia al amparo de la Regla 49.2 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2 (d).

En respuesta, el 17 de octubre de 2023, la Sucesión radicó su *Oposición a Moción Urgente de Relevo de Sentencia*.[15] En esencia,

---

[10] *Apéndice del Peticionario*, pág. 17.
[11] *Íd.*, pág. 19.
[12] *Íd.*, pág. 20.
[13] *Íd.*, pág. 22.
[14] *Íd.*, pág. 23.
[15] *Íd.*, pág. 37.

indicó que, tanto el emplazamiento como la publicación de edicto de la sentencia fueron realizados conforme a derecho. Advirtió, además, que el Peticionario presentó la solicitud de relevo de sentencia a más de seis (6) meses del dictamen. Argumentó que éste invadió ilegalmente su propiedad por más de cinco (5) años afectando la tranquilidad del vecindario. Evaluada la referida moción, el 25 de octubre de 2023, el foro primario emitió y notificó *Resolución* en la que declaró *No Ha Lugar* la solicitud de relevo de sentencia.[16]

Insatisfecho, el 11 de septiembre de 2023, presentó un escrito intitulado *Moción Enmendada con Firma Digital de Reconsideración y en Solicitud Urgente de Paralización de Ejecución de Orden de Lanzamiento.*[17] En este escrito, solicitó la paralización de la ejecución del lanzamiento hasta que la Sucesión incoara una nueva demanda, acreditando que ostenta la titularidad de la propiedad en controversia. Ese mismo día, radicó una *Moción en Auxilio de Jurisdicción Solicitando la Paralización del Lanzamiento.*[18] En dicha solicitud, expuso que, de no atender su reclamación, la petición de reconsideración se tornaría académica. También, solicitó la protección de su derecho a pernoctar en un lugar seguro.

El 10 de noviembre de 2023, la Sucesión presentó su *Oposición a Moción de Reconsideración.*[19] En ésta, arguyó que el Peticionario debió haber presentado un recurso apelativo para dilucidar los planteamientos en torno a la sentencia impugnada.

Tras evaluar los argumentos expuestos, el 10 de noviembre de 2023, el foro primario emitió y notificó *Resolución y Orden* declarando *No Ha Lugar* la reconsideración solicitada.[20] En lo pertinente, determinó lo siguiente:

> Examinada la Moción de Reconsideración y su correspondiente Oposición, se declara No Ha Lugar la

---

[16] Íd., pág. 41.
[17] Íd., pág. 42.
[18] Íd., pág. 48.
[19] Íd., pág. 52.
[20] Íd., pág. 1.

Reconsideración presentada en torno al lanzamiento y se ordena a llevar a cabo el lanzamiento tal como expusimos en la Sentencia dictada en Rebeldía el 13 de febrero de 2023 donde se determina como hecho probado que la propiedad fue invadida. Al día de hoy la Sentencia es final y firme y fue notificada por edictos el 21 de marzo de 2023. Además, fue notificada a la última dirección conocida del Sr. Gilberto Rodríguez Guash y recibida por la Sra. María Guash. Desde que la Sentencia fue emitida se ordenó el desalojo de la misma y se advirtió de la posibilidad de lanzamiento.[21]

Respectivamente, ordenó la activación del protocolo de personas sin hogar por medio de la correspondiente notificación de la determinación a la coordinadora auxiliar del Programas Judiciales.

Inconforme con el dictamen, el 8 de diciembre de 2023, el señor Rodríguez Guash acudió ante nos mediante el recurso de *certiorari*. En su escrito, señala la comisión de los siguientes errores por el foro primario:

1. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN Y SOLICITUD URGENTE DE PARALIZACIÓN DE EJECUCIÓN DE ORDEN DE LANZAMIENTO PRESENTADA POR GILBERTO RODRÍGUEZ GUASH Y ORDENAR EL DESALOJO DE LA PROPIEDAD OBJETO DE ESTE RECURSO, PESE A QUE EL DESAHUCIO ESTÁ FUERA DE LAS FACULTADES ENUMERADAS EN EL ART. 14.5 DE LEY NÚM. 161-2009, *SUPRA*, Y LA PARTE CON INTERÉS NO DEMOSTRÓ TENER UN TÍTULO SOBRE LA PROPIEDAD Y/O UN INTERÉS SOBRE ESTA.

2. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN Y SOLICITUD URGENTE DE PARALIZACIÓN DE EJECUCIÓN DE ORDEN DE LANZAMIENTO PRESENTADA POR GILBERTO RODRÍGUEZ GUASH Y ORDENAR EL DESALOJO DE LA PROPIEDAD OBJETO DE ESTE RECURSO, PESE A QUE LA ACCIÓN DE EPÍGRAFE ERA ACADÉMICA AL MOMENTO DE PRESENTARSE.

3. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN Y SOLICITUD URGENTE DE PARALIZACIÓN DE EJECUCIÓN DE ORDEN DE LANZAMIENTO PRESENTADA POR GILBERTO RODRÍGUEZ GUASH Y ORDENAR EL DESALOJO DE LA PROPIEDAD OBJETO DE ESTE RECURSO, PESE A QUE LA PARTE RECURRIDA BASÓ SU ACCIÓN EN EL REGLAMENTO CONJUNTO PARA LA EVALUACIÓN Y EXPEDICIÓN DE PERMISOS RELACIONADOS AL

---

[21] *Íd.*

DESARROLLO, USO DE TERRENOS Y OPERACIÓN DE NEGOCIOS DE 2020.

4. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN Y SOLICITUD URGENTE DE PARALIZACIÓN DE EJECUCIÓN DE ORDEN DE LANZAMIENTO PRESENTADA POR GILBERTO RODRÍGUEZ GUASH Y ORDENAR EL DESALOJO DE LA PROPIEDAD OBJETO DE ESTE RECURSO, PESE A QUE LA PARTE CON INTERÉS INDUJO A ERROR AL TPI.

5. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN Y SOLICITUD URGENTE DE PARALIZACIÓN DE EJECUCIÓN DE ORDEN DE LANZAMIENTO PRESENTADA POR GILBERTO RODRÍGUEZ GUASH Y ORDENAR EL DESALOJO DE LA PROPIEDAD OBJETO DE ESTE RECURSO, PESE A QUE ESTA TENÍA UN DERECHO A RETENER LA PROPIEDAD HASTA TANTO SE LE COMPENSARA POR LOS COSTOS INCURRIDOS EN LA LIMPIEZA Y REHABILITACIÓN DE LA PROPIEDAD ABANDONDONADA POR LA PARTE CON INTERÉS.

El 13 de diciembre de 2023, esta Curia emitió una *Resolución* concediendo a la parte recurrida diez (10) días para que se expresara en torno al recurso presentado. El 22 de septiembre de 2022, la Sucesión presentó una *Moción en Oposición a que se Expida el Certiorari y en Cumplimiento de Orden.* Respectivamente, el 26 de diciembre de 2023, la Junta sometió su *Alegato en Oposición al Recurso de Certiorari.*

Contando con la comparecencia de todas las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza*

*Meléndez,* 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023.

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari.* Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 213 DPR __ (2023); 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A)     Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)     Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)     Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)     Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)     Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)     Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)     Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713.

### B. *Relevo de Sentencia*

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R.49.2, dispone que una parte puede solicitar que el tribunal la releve de los efectos de una sentencia. Lo anterior, procederá cuando ocurra alguna de las siguientes circunstancias excepcionales:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

**(d) nulidad de la sentencia;**

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. (Énfasis nuestro). *Íd.*

Este mecanismo post sentencia, tiene el propósito de proveer un justo balance entre dos intereses conflictivos de nuestro ordenamiento jurídico. "Por un lado, se encuentra el principio de que todo caso se resuelva justamente, mientras que por otro lado se encuentra el interés de que los litigios concluyan." *HRS Erase v. CMT*, 205 DPR 689 (2020), citando a *García Colón et al. v. Sucn. González*, 178 DPR 527, 540 (2010). Por ello, el Tribunal Supremo ha reiterado que la Regla 49.2 de Procedimiento Civil*, supra,* debe "interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia". *HRS Erase v. CMT, supra,* citando *Díaz v. Tribunal Superior*, 93 DPR 79, 87 (1966).

Ahora bien, es menester señalar que los tribunales tienen la discreción de sopesar estos factores y determinar si procede relevar a una parte de los efectos de una sentencia. *Íd,* citando a *Náter v. Ramos,* 162 DPR 616, 624 (2004). Además, el promovente de la solicitud de relevo de sentencia deberá presentarla "dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia". Regla 49.2 de Procedimiento Civil*, supra.* No obstante, tales normas ceden cuando

se trata de una sentencia que adolece de nulidad o cuando la sentencia ha sido satisfecha. *HRS Erase v. CMT, supra,* citando *Rivera v. Algarín,* 159 DPR 482, 490 (2003). Sin embargo, la consabida regla no constituye una llave maestra para reabrir controversias, ni sustituye los recursos de apelación o reconsideración. Es decir, el precepto no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación. *García Colón et al. v. Sucn. González,* supra, pág. 541.

> Sobre ello, nuestro máximo foro ha resuelto lo siguiente: […] una interpretación liberal de la regla permite que se considere una moción de reconsideración como una de relevo de sentencia. Esto aunque haya transcurrido el término para considerar la reconsideración o aun después de que haya advenido final y firme la sentencia, siempre y cuando la referida moción cumpla estrictamente con los requisitos establecidos en dicha regla. Es decir, una moción de reconsideración que aduzca los fundamentos subsumidos en la Regla 49.2 de Procedimiento Civil, supra, puede ser considerada como una moción de relevo de sentencia, aun si es presentada después de los quince días. *García Colón et al. v. Sucn. González, supra,* pág. 541.

De otro lado, si una parte solicita el relevo de sentencia al amparado en el inciso (4) de la Regla 49.2 de Procedimiento Civil, *supra,* y demuestra que la sentencia es nula, el foro primario no tendrá discreción para denegar la misma. "[S]i una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado". *HRS Erase v. CMT, supra,* citando a *García Colón et al. v. Sucn. González, supra,* págs. 543-544. "[C]uando una sentencia es nula, se tiene por inexistente, por lo que no surte efecto alguno". *López García v. López García,* 200 DPR 50, 62 (2018). "[A]nte la certeza de nulidad de una sentencia, resulta mandatorio declarar su inexistencia jurídica; ello independientemente del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses". *HRS Erase v. CMT, supra,* citando a *Montañez v. Policía de P.R.,* 150

DPR 917 (2000). Así, que la parte promovente no está limitada por el término de seis (6) meses dispuesto en la Regla 49.2 de Procedimiento Civil.

> Sobre ello, nuestro máximo foro ha expresado lo siguiente: El esquema amplio y abarcador de remedios que provee la Regla 49.2 reduce considerablemente el ejercicio de esta acción independiente a los casos en que ha transcurrido el término fatal de seis meses y **las circunstancias sean de tal índole que el tribunal pueda razonablemente concluir que mantener la sentencia constituiría una grave injusticia contra una parte que no ha sido negligente en el trámite de su caso y que, además, tiene una buena defensa en los méritos**. (Énfasis nuestro). *Figueroa v. Banco de San Juan*, 108 DPR 680, 689 (1979).

De igual modo, se considera que una sentencia es nula cuando el tribunal actuó sin jurisdicción o cuando se quebrantó el debido proceso de ley de alguna de las partes. *HRS Erase v. CMT*, *supra*, citando a *García Colón et al. v. Sucn. González, supra*, pág. 543. Cuando se alega que la nulidad de la sentencia por alguna violación al debido proceso de ley, el profesor Rafael Hernández Colón señaló que el "[q]uebrantamiento del debido proceso de ley es un concepto mucho más amplio y pueden haber tantas manifestaciones del mismo como principios del debido proceso existen y que se hayan quebrantado en un caso en especial". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., San Juan, Ed. Lexis Nexis, 2010, sec. 4807, pág. 408. Así que, se ha resuelto que la ausencia de una parte indispensable es una violación al debido proceso de ley que conlleva obligatoriamente el relevo de la sentencia. *HRS Erase v. CMT, supra,* citando a *García Colón et al. v. Sucn. González, supra,* pág. 551.

**III.**

En el recurso presente, el Peticionario alega que incidió el Tribunal de Primera Instancia al denegar la concesión del relevo de sentencia. En específico, arguye que erró el foro primario al ordenar su desalojo de la propiedad, pese a que el desahucio no está

contemplado en la Ley de Reforma de Permisos, *supra.* Por lo anterior, solicita la revocación del dictamen recurrido y la desestimación de la demanda instada en su contra.

Adviértase que en el presente recurso se recurre de una *Resolución* emitida en etapa post sentencia. Esta clase de determinaciones no está comprendida en la Regla 52.1 de Procedimiento Civil, *supra.* En vista de ello, nos corresponde examinar si debemos ejercer nuestra facultad revisora de conformidad a la Regla 40 del Tribunal de Apelaciones, *supra.*

Tras evaluar detenidamente el presente caso, determinamos que no se han producido las circunstancias que exijan la intervención de este Tribunal. En particular, no encontramos los elementos requeridos en la Regla 40 del Tribunal de Apelaciones, *supra*, para dictaminar que el foro primario actuó de forma arbitraria, incurrió en craso abuso de discreción o en aplicación errónea de la ley. A la luz del marco legal reseñado, no identificamos los criterios que nos motiven a expedir el auto de *certiorari.*

### IV.

Por los fundamentos antes expresados, **denegamos** la expedición del auto de *certiorari* y devolvemos el asunto al Tribunal de Primera Instancia para la continuidad de los procesos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones